UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY YVETTE CLINT,                    Case No. 16-14205

              Plaintiff,            Denise Page Hood
v.                                        Chief United States District Judge

COMMISSIONER OF SOCIAL                    Stephanie Dawkins Davis
SECURITY,                                 United States Magistrate Judge

             Defendant.

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 16, 18)

## I.    PROCEDURAL HISTORY

    A.    <u>Proceedings in this Court</u>

On November 30, 2016, plaintiff Kimberly Yvette Clint, acting *pro se*, filed

the instant suit.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

72.1(b)(3), Chief District Judge Denise Page Hood referred this matter to the

undersigned for the purpose of reviewing the Commissioner's partially favorable

decision denying plaintiff's claim for a period of disability, disability insurance

benefits, and supplemental security income benefits prior to becoming disabled and

granting disability benefits and supplemental security income since the date she

became disabled.  (Dkt. 4).  This matter is before the Court on cross-motions for

summary judgment.  (Dkt. 16, 18).

B.   Administrative Proceedings

Plaintiff filed the instant claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") payments on April 11, 2014.  (Dkt. 14-2, Pg ID 77).  The claims were initially disapproved by the Commissioner on July 8, 2014.  (Dkt. 14-4, Pg ID 140, 145).  Plaintiff requested a hearing and on July 14, 2015, Plaintiff appeared without counsel before Administrative Law Judge ("ALJ") Richard Sasena, who considered the case *de novo*.  (Dkt. 14-2, Pg ID 95).  In a decision dated September 15, 2015, the ALJ found that plaintiff was not disabled before December 23, 2014, but became disabled on that date.  (Dkt. 14-2, Pg ID 87).  Plaintiff requested a review of this decision.  (Dkt. 14-2, Pg ID 73).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on September 28, 2016, denied plaintiff's request for review.  (Dkt. 14-2, Pg ID 68-72); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, and that defendant's motion for summary judgment be **GRANTED**.

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

Plaintiff, born in 1966, was 47 years of age on the alleged disability onset date.  (Dkt. 14-3, Pg ID 123).  The ALJ applied the five-step analysis and found at step one that plaintiff had engaged in substantial gainful activity prior to December 23, 2014, the date plaintiff became disabled.  (Dkt. 14-2, Pg ID 80).  Starting December 23, 2014, plaintiff had not engaged in substantial gainful activity.  (*Id.*).  At step two, the ALJ found that plaintiff's polymyositis, dermatomyositis, and osteopenia were "severe" within the meaning of the second sequential step.  (*Id.*).  However, at step three, the ALJ found no evidence that plaintiff's combination of impairments met or medically equaled one of the listings in the regulations.  (*Id.* at Pg ID 81).

Thereafter, the ALJ determined the following as to plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that since December 23, 2014, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she needs to change positions between sitting and standing every 20 minutes. She would need a cane to walk more than 10 feet. She is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling. She must avoid concentrated exposure to vibrating tools, extreme heat and cold, dust, fumes, and gases. She has to recline in

excess of 2 hours in an 8-hour workday for pain relief,
fatigue, or due to the effects of medication.

(*Id.* at Pg ID 82).  At step four, the ALJ found that plaintiff was unable to perform

any past relevant work.  (*Id.* at Pg ID 85).  At step five, the ALJ granted plaintiff

benefits because he found that, since December 23, 2014, there were no jobs that

exist in significant numbers in the national economy that plaintiff could perform.

(*Id.* at Pg ID 86).

    B.    <u>Plaintiff's Claims of Error</u>

    Plaintiff raises two main arguments in her pleadings.  She claims that the

Social Security Administration ("SSA") violated the Health Insurance Portability

and Accountability Act ("HIPAA") privacy rules, (Dkt. 16, Pg ID 671), and that

there is sufficient evidence to establish that she was disabled prior to December 23,

2014.  (Dkt. 19, Pg ID 729).  The majority of plaintiff's brief is devoted to the

HIPAA argument.  Plaintiff claims that the SSA allowed unauthorized personnel to

handle her case, view medical and financial records, and make decisions in her

case all in violation of HIPAA.  (Dkt. 16, Pg ID 673).

    As to plaintiff's claim that there was sufficient evidence of disability prior to

December 23, 2014, plaintiff alleges that the ALJ overlooked evidence in the

record of her disability and that the ALJ failed to inquire into her physical abilities

at her last job.  (Dkt. 19, Pg ID 729, 731).  According to plaintiff, the medical lab

reports show that she was disabled prior to December 23, 2014, and that

documented symptoms and loss of employment due to her various illnesses lend

further support for a finding of disability.  (*Id.* at Pg ID 730).  Plaintiff also argues

that medical documentation was missing from the record.  (Dkt. 16, Pg ID 695-96).

    C.    <u>Commissioner's Motion for Summary Judgment</u>

    The Commissioner argues first that plaintiff's HIPAA claims are not

properly before this Court.  The Commissioner cites authority stating that HIPAA

regulations do not confer a private right of action on an individual.  (Dkt. 18, Pg ID

721) (citing *Brown v. Hill*, 174 F. Supp. 3d 66, 71 (D.D.C. 2016) (collecting

cases); *Royce v. Veteran Affairs Reg'l Office*, 2009 WL 1904332, at *6 (D. Colo.

July 1, 2009)).  According to the Commissioner, plaintiff's only redress for an

alleged HIPAA violation is to lodge a written complaint with the Secretary of

Health and Human Services, through the Office for Civil Rights, who has the

discretion to investigate the complaint and impose sanctions, both civil and

criminal.  (Dkt. 18, Pg ID 721); 45 C.F.R. § 160.306.

    As to plaintiff's other arguments, to the extent plaintiff argues that the

unfavorable portion of the ALJ's decision is against the substantial evidence in the

record, the Commissioner contends that substantial evidence does exist to support

the ALJ's findings.  (Dkt. 18, Pg ID 722).  Specifically, the Commissioner argues

that substantial evidence supports the finding that plaintiff was engaged in

substantial gainful activity and was not under a disability between her alleged

onset date, March 9, 2014, through December 23, 2014.  (*Id.*).  In support of this

argument, the Commissioner cites plaintiff's testimony in front of the ALJ where

she states that worked as a house keeper for Perfecting Church all of 2014.  (*Id.* at

Pg ID 722-23).  Further, the Commissioner points out that plaintiff testified that

she worked 40 hours per week, earing $9 per hour, that she worked "straight"

through 2014, and that earnings records confirm that plaintiff earned $16,811.84

during 2014.  (*Id.* at Pg ID 723).

To the extent that plaintiff argues that the ALJ failed to review all of her

medical and income history, the Commissioner argues that this claim is meritless

because the record contained all the evidence available and the ALJ considered the

record as a whole.  (*Id.* at Pg ID 723-24).  Before the hearing, plaintiff was

informed several times that she could submit additional evidence, and failed to do

so.  (*Id.* at Pg ID 724).  At the hearing, the ALJ indicated that he would order

additional relevant evidence per plaintiff's request, and did order additional

evidence.  (*Id.*).  According to the Commissioner, after the hearing the ALJ

reviewed the additional evidence along with what was already in the record to

make a determination in the case.  (*Id.*).

The Commissioner further states that, to the extent plaintiff argues any error

in the Appeals Council's denial of review of the ALJ's decision based on other

evidence that plaintiff submitted, this argument is also unavailing.  (*Id.*).  First,

according to the Commissioner, this Court does not have jurisdiction to consider the Appeals Council's denial of review.  Second, the Commissioner contends that the Appeals Council was correct in disregarding new evidence the plaintiff had submitted because the evidence spanned a period of time from December 2015-July 2016 when the issue was whether plaintiff was disabled beginning on or before the decision date, September 15, 2015.  (*Id.*).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion

8

about an individual's credibility.'"  *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of

appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.   Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different

eligibility requirements, "DIB and SSI are available only for those who have a

'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  "Disability"

means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

12

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

      C.     <u>Analysis and Conclusions</u>

      1.     HIPAA claims

Plaintiff's claim that the Social Security Administration violated HIPAA's privacy regulations is not properly before this Court.  HIPAA does not provide an individual a private right of action.  "In general, HIPAA governs confidentiality of medical records and regulates how covered entities can use or disclose individually identifiable medical information about an individual."  *Sauter v. Bloyd*, 2010 WL 5290422, at *2 (W.D. Ky. Dec. 17, 2010) (citing 45 C.F.R. § 164.512).  Courts consistently hold that HIPAA does not create a private right of action.  *Payne v. Boulter*, 2013 WL 5902737, at *4 (E.D. Mich. Oct. 31, 2013) (citing various Circuit opinions saying the same); *Moore v. Tri-City Hosp. Found.*, 623 Fed. Appx. 500, 501 (9th Cir. 2015) ("The district court properly dismissed Moore's claim under [HIPAA] because 'HIPAA ... does not provide for a private right of action.'") (quoting *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir.2007).  "Aggrieved individuals may lodge a written complaint with the

Secretary of Health and Human Services, through the Office for Civil Rights, who

has the discretion to investigate the complaint and impose sanctions, both civil and

criminal." *Sauter*, 2010 WL 5290422, at *2 (citing 42 U.S.C. § 1320d–5); *see also*

45 C.F.R. § 160.306, Complaints to the Secretary.

Moreover, this Court does not have jurisdiction to entertain the HIPAA

claim in the context of this Social Security appeal because under 42 U.S.C. §

405(g), the Court only has authority to determine substantial evidence.  Therefore,

plaintiff's claim must fail.

2.     Substantial Gainful Activity

The ALJ's finding that plaintiff was not disabled prior to December 23,

2014, is supported by substantial evidence.  The ALJ found plaintiff was not

disabled because she engaged in substantial gainful activity in 2014.  (Dkt. 14-2,

Pg ID 80).  After December 23, 2014, the ALJ found that plaintiff became

disabled.  (*Id.*).  Plaintiff takes issue with the ALJ's unfavorable finding.  On a

liberal reading of her pleadings, plaintiff's argument can be boiled down to this: It

was error for the ALJ to determine that she engaged in substantial gainful activity

prior to December 23, 2014, because while she worked in 2014 she received

complaints that she was working too slow and that her manager was available by

phone should anyone have questions about her job performance.  However, there is

no evidence in the record to support her contentions.  Further, a review of the

entire record indicates that the ALJ's determination on this matter is supported by

substantial evidence.

Substantial gainful activity is defined as "work activity that is both

substantial and gainful." 20 C.F.R. § 404.1572.

> Substantial work activity is work activity that involves
> doing significant physical or mental activities. Your work
> may be substantial even if it is done on a part-time basis
> or if you do less, get paid less, or have less responsibility
> than when you worked before.
>
> Gainful work activity is work that you do for pay or
> profit. Work activity is gainful if it is the kind of work
> usually done for pay or profit, whether or not a profit is
> realized.

20 C.F.R. §§ 404.1572(a) & (b).  20 C.F.R. §§ 404.1574(b) and 416.974(b) state

that earnings will show a person is engaged in substantial gainful activity if the

individual's average monthly earnings are above or below an amount established

by the Commissioner's earnings guidelines.  In 2014, a person was engaged in

substantial gainful activity if the amount earned in the year averages more per

month than $1,070.  Tables of SGA Earnings Guidelines and Effective Dates

Based on Year of Work Activity, *available at* https://secure.ssa.gov/poms.nsf/

lnx/0410501015.  "The Social Security Act provides that an individual who is

working and engaged in substantial gainful activity is not entitled to disability

benefits." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996)

(citing 42 U.S.C. § 423(f)).  If the claimant is determined to have engaged in

substantial gainful activity, her claim for benefits must be denied regardless of her medical condition.  20 C.F.R. §§ 416.920(a) and (b).  It is the plaintiff's burden to rebut the presumption that the wages she earned constituted substantial gainful activity.  *Blais v. Comm'r of Soc. Sec*, 2016 WL 1444348, at *7 (W.D. Mich. Apr. 13, 2016).

In this case, substantial evidence supports the finding that plaintiff engaged in substantial gainful activity prior to December 23, 2014.  Plaintiff testified that she worked for Perfecting Church for three years; her last day of work was February 17, 2015.  (Dkt. 14-2, Pg ID 101-02).  She said she worked 40 hours a week and earned $9 an hour.  (Dkt. 14-2, Pg ID 102).  When asked if she worked all 12 months of 2014, she responded, "straight."[1]  (Dkt. 14-2, Pg ID 103).  She reiterated later that she worked through December 2014.  (Dkt. 14-2, Pg ID 104).  She earned about $16,800 in 2014.  (Dkt. 14-2, Pg ID 102).  The ALJ correctly noted that her earnings qualified the work as substantial gainful activity because her average monthly income was above $1,070, the number set forth in the guidelines.  (Dkt. 41-2, Pg ID 80).  Plaintiff did not present any evidence to rebut the conclusion that she engaged in substantial gainful activity according to her earnings in 2014.  Therefore, the ALJ's finding that plaintiff was engaged in

---

[1] Although, plaintiff did testify at the hearing that she spent parts of March and April 2014 out of work because she was in the hospital.  (Dkt. 14-2, Pg ID 105).

substantial gainful activity prior to December 23, 2014, is supported by substantial evidence.

To the extent plaintiff is claiming that her work was accommodated and that the ALJ should have inquired into her physical abilities during her work in 2014, these arguments are unsuccessful. There is no evidence in the record showing that her work was accommodated or sheltered, and there is no evidence to trigger further inquiry by the ALJ into her past work abilities. As such, these arguments must fail.

Although plaintiff bears the burden of establishing that she is entitled to disability benefits, courts have recognized that "[s]ocial security proceedings, unlike judicial ones, are inquisitorial, not adversarial." *Wright-Hines v. Comm'r of Soc. Sec*, 597 F.3d 392, 397 (6th Cir. 2010) (citing *Sims v. Apfel,* 530 U.S. 103, 110–11 (2000) (plurality)). "Consequently, the ALJ has a 'duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* at 111 (citing *Richardson v. Perales,* 402 U.S. 389, 400-401 (1971)). Where the claimant is without counsel, incapable of presenting an effective case, and unfamiliar with hearing procedures, the ALJ has a "special, heightened duty" to develop the administrative record and ensure a fair hearing. *See Wilson v. Comm'r of Soc. Sec.*, 280 Fed. Appx. 456, 459 (6th Cir. 2008) (citing *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983)). To satisfy this

duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," and must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Lashley*, 708 F.2d at 1052 (internal citations omitted).

Whether an ALJ satisfied his "special, heightened duty" to develop the record is determined on a case-by-case basis. *See Osburn v. Apfel*, 1999 WL 503528, at *7 (6th Cir. July 9, 1999) (internal citation omitted).  Failure by an ALJ to fully develop the factual record in a particular matter is often evidenced by superficial or perfunctory questioning, as well as a failure to obtain all available medical records and documentation. *See Lashley*, 708 F.2d at 1052.  However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted).  This is the case where, although proceeding *pro se*, no other special circumstances exist that counsel a heightened duty. *Nabours v. Comm'r of Soc. Sec.*, 50 Fed. Appx. 272, 275-76 (6th Cir. 2002) (holding that where the claimant "was able to put on her case with no discernable problems," was articulate in giving testimony, and there were no signs that the claimant's lack of representation was taken advantage of, the ALJ was not under a heightened duty to develop the record under *Lashley*).  Where the claimant's answers to the ALJ's

questions fail to point to issues in the claimant's physical abilities in past work, the ALJ is not under a duty to inquire further into the claimant's abilities. *Wilson v. Comm'r*, 280 Fed. Appx. 456, 459-60 (6th Cir. May 29, 2008) (finding that the ALJ adequately questioned the claimant on work limitations and did not need to inquire further when the claimant failed to tell the ALJ about certain mental or psychological limitations).

If past work was sheltered or accommodated, it may affect the disability determination. Pursuant 20 C.F.R. § 404.1573(c), "If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity." The factors courts consider in determining whether past work was sheltered or accommodated, i.e. "special conditions," include the following:

> (1) You required and received special assistance from other employees in performing your work; (2) You were allowed to work irregular hours or take frequent rest periods; (3) You were provided with special equipment or were assigned work especially suited to your impairment; (4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work; (5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or (6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

*King v. Comm'r of Soc. Sec*, 2017 WL 4296410, at \*9 (E.D. Mich. Aug. 29, 2017)

(citing 20 C.F.R. § 404.1573(c)).  When work is done under special conditions, 20

C.F.R. § 404.1573(c) states that even work done in a sheltered environment may

show a claimant possesses "the necessary skills and ability to work at the

substantial gainful activity level."  "If, however, a claimant's impairments prevent

him from doing 'ordinary or simple tasks satisfactorily without more supervision

or assistance than is usually given other people doing similar work,' it may be

sufficient to show that the claimant is not working at the substantial gainful

activity level."  *Boyes v. Sec'y of Health & Human Servs*, 46 F.3d 510, 512 (6th

Cir. 1994) (quoting 20 C.F.R. § 404.1573(b)).

Here, there is no evidence in the record to suggest that plaintiff's past work

was accommodated or sheltered, and there is no evidence in the record that would

trigger further inquiry by the ALJ on the matter.  Plaintiff does not claim that any

of the factors weighing against a finding of substantial gainful activity are present.

Further, the ALJ noted that,

> Although the claimant testified that she started to receive
> complaints that she was working too slowly, there is no
> evidence in the record from her employer establishing
> that she worked in a sheltered environment, under special
> conditions, that she was allowed irregular hours or rest
> periods, that she was less productive or efficient in
> performing her job, that she received special
> assistance from others, or that she did not earn the wages
> she was paid (20 CFR 404.1573 and 416.973).

(Dkt. 14-2, Pg ID 80).  In *Blais v. Comm'r of Soc. Sec*, 2016 WL 1444348, at *7

(W.D. Mich. Apr. 13, 2016), the court noted that the claimant did not provide an

employer's report documenting her work responsibilities or capabilities.  "A

general assertion that Plaintiff's work was accommodated does not suffice."  *Id.*

(citing *Fisher v. Barnhart*, 129 Fed. Appx. 297, 302 (7th Cir. 2005).  Plaintiff's

testimony that there were complaints about her working slowly were couched in

references to her medical issues.  (Dkt. 14-2, Pg ID 105; Dkt. 14-2, Pg ID 114).

Aside from those two references, any issue with her past job performance was not

raised, nor was there a reason for the ALJ to inquire further into her job

performance.

Because there is no evidence in the record of accommodation, and no

evidence that triggers further investigation by the ALJ, the ALJ's conclusion that

plaintiff engaged in substantial gainful activity prior to December 23, 2014, is

supported by substantial evidence.

### 3.    The Record

Plaintiff also argues that the ALJ negligently reviewed the medical and

income history in the record and that not all medical documentation had been

submitted.  (Dkt. 16, Pg ID 695-96).  The undersigned agrees with the

Commissioner that these arguments are meritless.

Where the ALJ's opinion is thorough, this demonstrates that he considered the entire record. *Rieger v. Comm'r of Soc. Sec.*, 2013 WL 4531299, at *8 (E.D. Mich. Aug. 27, 2013). The ALJ in this case stated in his opinion that he carefully considered the entire record in coming to his decision, (Dkt. 14-2, Pg ID 80), and continues with a thorough discussion of his decision.

Plaintiff does not say what medical documentation is missing from the record. Further, a review of the record demonstrates that all requested and necessary documentation had been submitted and approved by plaintiff. Before the administrative hearing, plaintiff was advised several times that she could submit additional documentation. (The following transcript citations support this contention: Dkt. 14-4, Pg ID 142 (Notice of Disapproved Claim) ("You can give the ALJ new evidence and bring people to testify for you."); Dkt. 14-4, Pg ID 149 (Plaintiff's request for hearing before an ALJ) (Plaintiff stated, "I have no additional evidence to submit"); Dkt. 14-4, Pg ID 151-52 (letter explaining the hearing process dated August 14, 2014) ("At your hearing, you may present your case to the ALJ who will make the decision on your claim(s). The ALJ will consider the issue(s) you raise, the evidence now in your file, and any additional evidence you provide." This letter included a section on providing additional evidence); Dkt. 14-4, Pg ID 170 (Notice of Hearing, May 28, 2015) ("You are required to inform us about or submit all evidence known to you that relates

whether or not you are blind or disabled.  If you are aware of or have more evidence, such as recent records, reports, or evaluations, please mail or bring that evidence to me as soon as possible.  I you cannot submit the evidence to me before the hearing, you may bring it to the hearing.")).

Plaintiff indicated that she was going to submit additional medical evidence at the hearing.  (Dkt. 14-4, Pg ID 181).  At the hearing, the ALJ said he would order additional medical evidence relevant to the case, and did order that evidence. (Dkt. 14-2, Pg ID 100-01, 120-21).  In the ALJ's decision, the ALJ noted that he received additional medical evidence and admitted the additional evidence as exhibits 10F and 11F.  (Dkt. 14-2, Pg ID 77).  The ALJ noted that plaintiff was given an opportunity to respond to the additional evidence, but she did not submit a response.  (Dkt. 14-2, Pg ID 77).  Therefore, he admitted the evidence to the record.  (*Id.*).

Plaintiff's claim of error in failure to include all relevant evidence in the record is therefore unavailing, as is her argument that the ALJ negligently reviewed the evidence.  As demonstrated above, a review of the entire record indicates that plaintiff had ample opportunity to submit additional evidence at the hearing, that additional evidence was submitted, and that the ALJ considered the additional evidence along with the entire record in coming to his decision.

4.      Appeals Council Denial

Apparently in an abundance of caution, the Commissioner responds to the

argument that there is error in the Appeals Council's denial of review of the ALJ's

decision to the extent this argument is raised.  According to the Commissioner, this

argument fails because, first, this Court cannot review an Appeals Council's order,

and second, the evidence plaintiff submitted to the Appeals Council was not

necessary to her case so it was proper for the Appeals Council to ignore it.

The Sixth Circuit stated that, "An Appeals Council order denying review is

not . . . a reviewable order; such an order serves only to make the decision of the

ALJ the final reviewable decision of the Secretary."  *Meeks v. Sec'y of Health &*

*Human Servs.*, 1993 WL 216530, at *1 (6th Cir. June 18, 1993) (citing 20 C.F.R.

§ 404.955); *see also Swindlehurst v. Astrue*, 2012 WL 1622989, at *1 (E.D. Mich.

Mar. 9, 2012) ("the Appeals Council's decision not to reopen a prior decision

is not reviewable") (citing *Harper v. Sec'y of Health and Human Servs.*, 978 F.2d

260, 262 (6th Cir. 1992)).

Therefore, the undersigned will not review the Appeals Council's order and

the undersigned need not review the Commissioner's second argument that the

evidence submitted to the Appeals Council was not necessary to the case.

**IV.   RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, and that defendant's motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: December 21, 2017                    s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on December 21, 2017, I electronically filed the foregoing
paper with the Clerk of the Court using the ECF system, which will send electronic
notification to all counsel of record, and I certify that I have mailed by United
States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant,
at the following address: Kimberly Yvette Clint, 23332 Farmington Road, Apt.
212, Farmington, MI 48336.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7850
                                           tammy_hallwood@mied.uscourts.gov